J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven*
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
*Staff Attorney at Righthaven*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL RUCKER, an individual,<br><br>Defendant. | Case No.: 2:10-cv-01652<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Michael Rucker ("Mr. Rucker") on information and belief:

## NATURE OF ACTION

1. This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

## PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

1

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. Mr. Rucker is, and has been at all times relevant to this lawsuit, identified by the current registrar, GoDaddy.com, Inc. ("GoDaddy"), as the registrant, administrative contact, and technical contact for the Internet domain found at <mnguntalk.com> (the "Domain").

## JURISDICTION

5. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

6. Righthaven is the owner of the copyright in the literary work entitled: "Slaying of Army veteran shocks friends" (the "Army Veteran Work"), attached hereto as Exhibit 1.

7. At all times relevant to this lawsuit, the Army Veteran Work has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

8. Mr. Rucker willfully copied, on an unauthorized basis, the Army Veteran Work from a source emanating from Nevada.

9. On or about July 13, 2010, Mr. Rucker displayed, and continues to display, an unauthorized copy of the Army Veteran Work (the "Army Veteran Infringement"), attached hereto as Exhibit 2, as part of the content accessible through the Domain (said content accessible through the Domain known herein as the "Website").

10. At all times relevant to this lawsuit, the Army Veteran Infringement has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

11. The subject matter, at least in part, of the Army Veteran Work and the Army Veteran Infringement, is the death of a Las Vegas, Nevada resident at a Las Vegas, Nevada-based Costco.

12. At all times relevant to this lawsuit, Mr. Rucker knew that the Army Veteran Work was originally published in the Las Vegas *Review-Journal*.

13. At all times relevant to this lawsuit, Mr. Rucker knew that the Army Veteran Infringement was and is of specific interest to Nevada residents.

14. Mr. Rucker's display of the Army Veteran Infringement was and is purposefully directed at Nevada residents.

15. Righthaven is the owner of the copyright in the literary work entitled: "LV officer at Costco recorded in 911 call" (the "LV Officer Work"; collectively with the Army Veteran Work known herein as the "Works"), attached hereto as Exhibit 3.

16. At all times relevant to this lawsuit, the LV Officer Work has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

17. Mr. Rucker willfully copied, on an unauthorized basis, the LV Officer Work from a source emanating from Nevada.

18. On or about July 14, 2010, Mr. Rucker displayed, and continues to display, an unauthorized copy of the LV Officer Work (the "LV Officer Infringement"), attached hereto as Exhibit 2, on the Website.

19. At all times relevant to this lawsuit, the LV Officer Infringement has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

20. The subject matter, at least in part, of the LV Officer Work and the LV Officer Infringement, is the 911 recording of a Las Vegas, Nevada-based police officer.

21. At all times relevant to this lawsuit, Mr. Rucker knew that the LV Officer Work was originally published in the Las Vegas *Review-Journal*.

22. At all times relevant to this lawsuit, Mr. Rucker knew that the LV Officer Infringement was and is of specific interest to Nevada residents.

23. Mr. Rucker's display of the LV Officer Infringement was and is purposefully directed at Nevada residents.

24. Mr. Rucker willfully copied, on an unauthorized basis, the literary work entitled: "Armed man shot, killed by police outside Costco in Summerlin" (the "Armed Man Article"), attached hereto as Exhibit 2, from a source emanating from Nevada.

25. On or about July 13, 2010, Mr. Rucker displayed, and continues to display, the Armed Man Article on the Website.

26. Mr. Rucker's display of the Armed Man Article was and is purposefully directed at Nevada residents.

27. Mr. Rucker willfully copied, on an unauthorized basis, the literary work entitled: "Witnesses recall gun in police shooting at Costco" (the "Witnesses Article"), attached hereto as Exhibit 2, from a source emanating from Nevada.

28. On or about July 13, 2010, Mr. Rucker displayed, and continues to display, the Witnesses Article on the Website.

29. Mr. Rucker's display of the Witnesses Article was and is purposefully directed at Nevada residents.

30. Mr. Rucker knew, or reasonably should have known, that websites, such as the Website, are and were at all times relevant to this lawsuit, the habitual subject of postings by others of copyright-infringing content.

31. At all times relevant to this lawsuit, Mr. Rucker did not institute any proactive policy of precluding, or attempting to preclude, the postings by others of copyright-infringing content on the Website.

32. At all times relevant to this lawsuit, Mr. Rucker did not institute any proactive policy of monitoring, or attempting to monitor, the postings by others of copyright-infringing content on the Website.

33. At all times relevant to this lawsuit, Mr. Rucker did not institute any proactive policy of deleting, or attempting to delete, the postings by others of copyright-infringing content on the Website.

34. At all times relevant to this lawsuit, Mr. Rucker's failure to institute any proactive policies intended to address the postings by others of copyright-infringing content on the Website constituted and constitutes Mr. Rucker's willful blindness to copyright infringements occurring on the Website.

**VENUE**

35. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

36. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1400 (a), because Mr. Rucker is subject to personal jurisdiction in Nevada.

**FACTS**

37. The Works constitute copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

38. Righthaven is the owner of the copyright in and to the Works.

39. The Army Veteran Work was originally published on or about July 12, 2010.

40. On September 9, 2010, the United States Copyright Office (the "USCO") received Righthaven's official submittal for the registration to the Army Veteran Work, including the application, the deposit copy, and the registration fee (the "Army Veteran Complete Application"), Service Request No. 1-484454258, and attached hereto as Exhibit 4 is the official USCO application submittal for the Army Veteran Work depicting the occurrence of the Army Veteran Complete Application.

41. On or about July 13, 2010, Mr. Rucker displayed, and continues to display, the Army Veteran Infringement on the Website.

42. The LV Officer Work was originally published on or about July 14, 2010.

43. On September 21, 2010, the USCO received Righthaven's official submittal for the registration to the LV Officer Work, including the application, the deposit copy, and the registration fee (the "LV Officer Complete Application"), Service Request No. 1-490417798, and attached hereto as Exhibit 5 is the official USCO application submittal for the LV Officer Work depicting the occurrence of the LV Officer Complete Application.

44. On or about July 14, 2010, Mr. Rucker displayed, and continues to display, the LV Officer Infringement on the Website.

45. Mr. Rucker did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Works.

46. Mr. Rucker was not granted permission, in any manner, to reproduce, display, or otherwise exploit the Works.

## FIRST CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT OF THE ARMY VETERAN WORK

47. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 46 above.

48. Righthaven holds the exclusive right to reproduce the Army Veteran Work, pursuant to 17 U.S.C. § 106(1).

49. Righthaven holds the exclusive right to prepare derivative works based upon the Army Veteran Work, pursuant to 17 U.S.C. § 106(2).

50. Righthaven holds the exclusive right to distribute copies of the Army Veteran Work, pursuant to 17 U.S.C. § 106(3).

51. Righthaven holds the exclusive right to publicly display the Army Veteran Work, pursuant to 17 U.S.C. § 106(5).

52. Mr. Rucker reproduced the Army Veteran Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

53. Mr. Rucker distributed, and continues to distribute, an unauthorized reproduction of the Army Veteran Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

54. Mr. Rucker publicly displayed, and continues to publicly display, an unauthorized reproduction of the Army Veteran Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

55. Mr. Rucker has willfully engaged in the copyright infringement of the Army Veteran Work.

56. Mr. Rucker's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

57. Unless Mr. Rucker is preliminarily and permanently enjoined from further infringement of the Army Veteran Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by Mr. Rucker of the Army Veteran Work, pursuant to 17 U.S.C. § 502.

## **SECOND CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT OF THE LV OFFICER WORK**

58. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 57 above.

59. Righthaven holds the exclusive right to reproduce the LV Officer Work, pursuant to 17 U.S.C. § 106(1).

60. Righthaven holds the exclusive right to prepare derivative works based upon the LV Officer Work, pursuant to 17 U.S.C. § 106(2).

61. Righthaven holds the exclusive right to distribute copies of the LV Officer Work, pursuant to 17 U.S.C. § 106(3).

62. Righthaven holds the exclusive right to publicly display the LV Officer Work, pursuant to 17 U.S.C. § 106(5).

63. Mr. Rucker reproduced the LV Officer Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

64. Mr. Rucker distributed, and continues to distribute, an unauthorized reproduction of the LV Officer Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

65.     Mr. Rucker publicly displayed, and continues to publicly display, an unauthorized reproduction of the LV Officer Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

66.     Mr. Rucker has willfully engaged in the copyright infringement of the LV Officer Work.

67.     Mr. Rucker's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

68.     Unless Mr. Rucker is preliminarily and permanently enjoined from further infringement of the LV Officer Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by Mr. Rucker of the LV Officer Work, pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1.     Preliminarily and permanently enjoin and restrain Mr. Rucker, and Mr. Rucker's agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under Mr. Rucker, from directly or indirectly infringing the Works by reproducing the Works, preparing derivative works based on the Works, distributing the Works to the public, and/or displaying the Works, or ordering, directing, participating in, or assisting in any such activity;

2.     Direct Mr. Rucker to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

   a.     All evidence and documentation relating in any way to Mr. Rucker's use of the Works, in any form, including, without limitation, all such evidence and documentation relating to the Website;

  b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom Mr. Rucker has communicated regarding Mr. Rucker's use of the Works; and

  c. All financial evidence and documentation relating to Mr. Rucker's use of the Works;

3. Direct GoDaddy, and any successor domain name registrar for the Domain, to lock the Domain and transfer control of the Domain to Righthaven;

4. Award Righthaven statutory damages for the willful infringement of the Works, pursuant to 17 U.S.C. § 504(c);

5. Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

6. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7. Grant Righthaven such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Righthaven requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated this twenty-fourth day of September, 2010.

                RIGHTHAVEN LLC

                By: /s/ J. Charles Coons
                J. CHARLES COONS, ESQ.
                Nevada Bar No. 10553
                JOSEPH C. CHU, ESQ.
                Nevada Bar No. 11082
                9960 West Cheyenne Avenue, Suite 210
                Las Vegas, Nevada 89129-7701
                *Attorneys for Plaintiff*